ALICE M. BATCHELDER, Circuit Judge,
concurring in part and dissenting in part and dissenting from the judgment.
While I agree with my colleagues that Kelly Services met its burden of production and that Creative Harbor failed to demonstrate a bona fide intent to use the Mark in connection with at least some of the goods and services listed in its ITU applications, I disagree with their proposed remedy and disposition of this case. Accordingly, I respectfully dissent from the judgment.
Although the majority opinion provides a more-or-less accurate summary of the inconsistent landscape of TTAB precedent that has led to the dispute in this appeal, it overlooks some distinguishing facts that support the district court’s opinion. A more in-depth review of Grand Canyon would be helpful, even though that case concerned § 1(a) use applications. In Grand Canyon, the TTAB held that in the absence of fraud, “an applicant who bases its application on Section 1(a) (use in commerce) but who did not use the mark on some or all of the goods or services identified in the application may ‘cure’ this problem by amending its basis to Section 1(b) (intent to use).” Grand Canyon W. Ranch, LLC v. Hualapai Tribe, 78 U.S.P.Q.2d 1696, 2006 WL 802407, at *3 (T.T.A.B. 2006) (footnote omitted). It turns out that the applicant in Grand Canyon had already “filed a motion to amend its application to delete the sendees for which oppo-ser claims applicant did not use the mark as of the filing of the application,” which meant that the “applicant ha[d] essentially agreed to accept judgment with respect to those services.” Id. The TTAB then granted the applicant’s motion to amend its application, rather than voiding the entire application. Id.
Contrast this with Wet Seal, the case which the majority views as extending Grand Canyon’s holding to § 1(b) ITU applications. In Wet Seal, the TTAB, citing Grand Canyon, broadly stated that “an application will not be deemed void for lack of bona fide intention to use absent proof of fraud, or proof of a lack of bona fide intention to use the mark on all of the goods identified in the application, not just some of them.” The Wet Seal, Inc. v. F.D. Mgmt., 82 U.S.P.Q.2d 1629, 2007 WL 458529, at *2 (T.T.A.B. 2007) (footnotes and citation omitted). Importantly, the TTAB stated, “[W]e will decide this issue in terms of whether the items, if any, for which opposer has shown applicant’s lack *877 of bona fide intention to use the mark should be deleted from the application.” Id. At first blush, this would appear to support the majority’s holding that the district court can decide, without the applicant’s motion to amend its application, which items to strike from an ITU application. Its pi’onouncement notwithstanding, the TTAB held in Wet Seal that the oppo-ser “[fell] far short of demonstrating by a preponderance pf the evidence that applicant lacked a bona fide intention to use the mark in connection with any of the identified products,” and dismissed the challenge on those grounds. Id. at *14. Therefore, the district court was correct in noting that the supposed adoption of Grand Canyon’s remedy in cases involving § 1(b) ITU applications was dicta; it was not essential to the determination of the case at hand. See Hinchman v. Moore, 312 F.3d 198, 203-04 (6th Cir. 2002) (quoting Black’s Law Dictionary 454 (6th ed. 1990)).[1]
Within this context, the district court’s second holding was also correct: Spirits International remains truest to the import of Grand Canyon. This is because the TTAB in Spirits International clearly reiterated Grand Canyon’s remedy, in which the “applicant could have moved to delete alcoholic beverages from its identification if applicant did not have a bona fide intention to use its mark in commerce with respect to such goods, but did with respect to nonalcoholic beverages.” Spirits Int’l, B.V. v. S.S. Taris Zeytin Ve Zeytinyagi Tarim Satis Kooperatifleri Birligi, 99 U.S.P.Q.2d 1545, 2011 WL 2909909, at *2 n.3 (T.T.A.B. 2011). Unlike in Wet Seal, the opposer in Spirits International met its burden of production. Id. at *4. Thus, “[t]he burden ... shifts to applicant to come forward with evidence which would adequately explain or outweigh the failure to provide such documentary evidence.” Id. Because the applicant in Spirits International did not rebut the opposer’s evidence that applicant lacked a bona fide intent as to some of the items in its application— and did not appear to move to amend its application as did the applicant in Grand Canyon—the TTAB sustained the opposition “solely on the ground that applicant lacks a bona fide intention to use the mark in commerce.” Id. at *4-5. The majority’s contention that Spirits International is limited to cases in which the applicant fails to produce any evidence that it had a bona fide intent as to any of the goods and services listed in the application misses the mark. (See Maj. Op. at 872-73.) The TTAB has continued to cite Spirits for the proposition that applications for which the applicant lacks bona fide intent even as to only one item will be voided in their entirety. See, e.g., Bryan Papé and Spello Group, LLC v. Me To We Social Enters., Inc., Opposition No. 91218595, 2016 WL 1642754, at *4 (T.T.A.B. Feb. 29, 2016) (non-precedential opinion) (“A lack of a bona fide intention to use the mark with respect to any of the goods or services in a class results in sustaining the Opposition against all the goods or services in that class.”) (footnote omitted) (ultimately denying summary judgment for opposer because of existence of genuine issue of material fact).[2]1 therefore do not believe that *878 the majority’s attempt to narrow Spirits International reaches the right result.
Syndicat, which Creative Harbor and the majority believe dictates the majority’s remedy, only superficially conflicts with Spirits International or Grand Canyon. At the outset of its opinion in Syndicat, the TTAB noted, “During the oral hearing, counsel agreed that, should applicant’s application otherwise be in condition for issuance, applicant would accept judgment on this issue and deletion of ‘distilled spirits’ and ‘liquors’ from the application.” Syndicat Des Proprietaires Viticulteurs de Chateauneuf-Du-Pape v. Pasquier DesVignes, Opposition No. 91179408, 2013 WL 5407284, at *1 (T.T.A.B. June 14, 2013). Then again, at the conclusion of its opinion, the TTAB stated, “As noted at the outset, applicant admits to its lack of a bona fide intention to use the applied-for mark on ‘distilled spirits’ or ‘liquors.’ Therefore, applicant is not entitled to register its mark for these goods.” Id. at *14. The TTAB’s remedy in Syndicat, as the majority correctly cites, was to amend the application “to reflect those goods with which [applicant] has a bona fide intent to use the mark....” Id. at *15. Instead of being some new remedy at odds with Spirits International or a remedy fashioned in the mold of Wet Seal’s dicta, this resembles the remedy that the TTAB used in Grand Canyon, in which the applicant had moved—prior to entry of the judgment— for an amendment to its § 1(a) use application.
Spirits International essentially applied the Grand Canyon rule, and so the majority’s opinion that the district court “misread” Spirits International or failed to apply “the more forgiving rule articulated in Grand Canyon” does not make sense. (Maj. Op. at 871.) The district court expressly found that Creative Harbor’s “modest” offer to amend its applications to eliminate one service and one good did “not cure the material overbreadth in Creative Harbor’s listing of the goods and services on which it claimed an intent to use the Mark.” The district court continued, “Indeed, even with Creative Harbor’s proposed deletions, the Creative ITUs still list services (e.g., employee relations information services, business consulting, professional credentialing verification services) and goods (e.g., computer game software, computer hardware for integrating text and audio) on which Creative Harbor lacks a firm intent to use the Mark.”
TTAB precedent suggests that it is incumbent upon the applicant to amend its application to eliminate portions of its § 1(b) ITU application for which it cannot demonstrate bona fide intent, or else risk having the entire application voided. Creative Harbor refused to take advantage of this remedy. The district court therefore correctly voided both of Creative Harbor’s *879 applications ab initio. Because my colleagues reach the opposite conclusion, I respectfully dissent.

. The majority opinion notes that while we are not bound by dicta, the dicta is not necessarily incorrect. (Maj. Op. at 874-75 (citing Nat‘1 Am. Ins. Co. v. United States, 498 F.3d 1301, 1306 (Fed. Cir. 2007))). I agree. However, this does not mean that we should use dicta to determine the outcome of this case when there is no indication of how the TTAB would have disposed of the opposer’s challenge in Wet Seal had (1) the opposer met its burden of production and (2) the applicant failed to provide objective evidence of bona fide intent as to all of the products in its application.

. The TTAB also cited Spirits International in conjunction with Grand Canyon in a case involving a § 1(a) use application. See Ya- *878 zhong Inv. Ltd. v. Multi-Media Tech. Ventures, Ltd., Cancellation No. 92056548, 2015 WL 9913815, at *3 n.8 (T.T.A.B. Dec. 18, 2015) (non-precedential opinion) ("We note that Respondent has not filed a motion to delete the goods and services for which there was no use prior to the filing dates of the Statements of Use. Absent a finding of fraud, a registrant which did not use the mark on all of the goods or services identified in the underlying application may ‘cure’ this problem by deleting from the registration the goods or services for which it had not used the mark as of the filing date of the application and accepting judgment with respect to the deleted goods or services. [Citing Spirits International and Grand Canyon] ... If a registrant fails to effect a cure to delete certain goods or services for which there was no use, and a petition is successful in proving non-use with respect to any of the goods or services in that class at the time of application (or in this case, when the Statements of Use were filed), the Board proceeding will be sustained against the class in its entirety." (emphasis added)).